## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Ray Angelini, Inc.,** | : | |
| | : | **No. 4:11-cv-1093** |
| **Plaintiff** | : | |
| | : | **Chief Judge Kane** |
| **v.** | : | |
| | : | |
| **SEC BESD Solar One, LLC;** | : | |
| **SEC Bellefonte SD Solar One, LLC;** | : | |
| **Duke Energy Generation Services, Inc.;** | : | |
| **Integrys Energy Services, Inc.;** | : | |
| **Smart Energy Capital, LLC; and** | : | |
| **INDU Solar Holdings, LLC,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently pending before the Court are two motions to dismiss.  Defendant SEC BESD Solar One, LLC ("SEC BESD") and SEC Bellefonte SD Solar One, LLC ("SEC Bellefonte") (collectively "SEC Defendants") move to dismiss Count III (unjust enrichment) and Count IV (<u>quantum</u> <u>meruit</u>) of the complaint pursuant to Rule 12(b)(6) (Doc. No. 19), and Defendants Duke Energy Generation Services, Inc. ("Duke Energy"), Integrys Energy Services, Inc. ("Integrys Energy"), Smart Energy Capital, LLC ("Smart Energy"), and INDU Solar Holdings, LLC ("INDU Solar") (collectively "Non-Contracting Defendants") move to dismiss the complaint against the Non-Contracting Defendants in its entirety pursuant to Rule 12(b)(6) (Doc. No. 20).  Defendants' motions are now ripe for disposition.  For the reasons that follow, the Court will grant the SEC Defendants' motion to dismiss (Doc. No. 19), and will grant the Non-Contracting Defendants' motion to dismiss (Doc. No. 20).

## I.   BACKGROUND

1

According to the complaint,[1] Plaintiff, Ray Angelini, Inc., a New Jersey corporation, is an electrical contractor whose business includes the installation of solar photovoltaic energy systems.  (Doc. No. 1 ¶¶ 1, 11.)  Defendants are Delaware Limited Liability Corporations and Delaware Corporations with principal places of business in states other than New Jersey.  (Id. ¶¶ 2-8.)  The SEC Defendants are special purpose entities established to allow Duke Energy and Integrys Energy to co-own rooftop solar arrays.  (Id. ¶ 13.)  Smart Energy arranges financing for and develops projects that deliver electricity to investment-grade commercial, government and utility customers.  (Id.)  Plaintiff alleges that the SEC Defendants operate as shell companies that allow Duke Energy, Integrys Energy, and Smart Energy to obtain energy and sell it to their respective customers, and that the SEC Defendants' assets have been or will be assigned to INDU Solar, or that the SEC Defendants have been merged into INDU Solar.  (Id. ¶ 12-14.)

Beginning in August of 2010, Plaintiff entered into five separate legal contracts with the SEC Defendants – two with SEC BESD and three with SEC Bellefonte – for the engineering, procurement, and construction of solar photovoltaic energy systems installed on the roofs of five public schools in Centre County, Pennsylvania ("the Agreements").  (Id. ¶ 15.)  Plaintiff performed the work pursuant to the contracts, but the SEC Defendants have refused to pay, insisting on asserting set-offs against liquidated damages.  (Id. ¶¶ 20-24.)

On April, 20, 2011, Plaintiff filed suit against Defendants, seeking damages in excess of $75,000.  Plaintiff asserts four claims in its complaint: (1) breach of contract; (2) a claim under the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 507, et seq. (PCSPA); (3)

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

unjust enrichment; and (4) <u>quantum meruit</u>.  (<u>Id.</u> ¶¶ 18-46.)  Plaintiff alleges that the Non-Contracting Defendants are jointly and severally liable for the obligations of the SEC Defendants.  (<u>Id.</u> ¶ 16.)

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  <u>Lum</u>, 361 F.3d at 221 n.3.  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  <u>Markowitz v. Ne. Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  <u>Johnsrud v. Carter</u>, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that the plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  <u>Kost</u>, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997).  While the Rule 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'"  <u>Phillips</u>, 515 F.3d at 231-32 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1955 (2009)).

**III.     DISCUSSION**

**A.     The SEC Defendants' Motion to Dismiss**

The SEC Defendants filed a motion to dismiss the unjust enrichment and <u>quantum</u> <u>meruit</u>

claims raised against them for failure to state a claim upon which relief can be granted.  (Doc.

No. 19.)  The SEC Defendants argue that Plaintiff cannot state a claim for unjust enrichment,

because the contractual relationship between Plaintiff and the SEC Defendants is set forth in the

Agreements.  (<u>Id.</u> ¶ 8.)  With respect to the claim for <u>quantum</u> <u>meruit</u>, the SEC Defendants argue

that Plaintiff cannot state a claim because Pennsylvania law does not recognize a claim for both

unjust enrichment and <u>quantum</u> <u>meruit</u>.  (<u>Id.</u> ¶ 12.)

*1.     Unjust Enrichment*

First, the SEC Defendants argue that Plaintiff cannot state a claim for unjust enrichment

because "the terms of the Agreements define the respective rights, duties, and expectations of"

the parties, and in Pennsylvania, "the doctrine of unjust enrichment is inapplicable when the

relationship between the parties is founded upon a written or express contract."  (Doc. No. 22 at

5 (quoting <u>Leder v. Shinfeld</u>, 609 F. Supp. 2d 386, 408 (E.D. Pa. 2009)).)  The SEC Defendants

state that the existence of the Agreements is not in dispute, nor is the binding nature of the

Agreements, and thus Plaintiff's unjust enrichment claim is unavailable, even if pleaded in the

alternative.  (<u>Id.</u>)

Plaintiff responded, arguing that breach of contract and unjust enrichment claims may be

pleaded in the alternative, pursuant to Federal Rule of Civil Procedure 8(d)(2).  (Doc. No. 24 at

6.)  Plaintiff cited <u>Cornell Cos. v. Borough of New Morgan</u>, 512 F. Supp. 2d 238, 265 (E.D. Pa.

2007), for the proposition that, at the motion to dismiss stage, a plaintiff's "claim for unjust

enrichment is an appropriate alternative avenue for relief for the plaintiff to seek in the event no

4

valid contract existed between [the parties]." Plaintiff explained, "[a]t this early stage, it is unknown whether the SEC Defendants agree that Plaintiff's entire claim is subject to the terms and conditions of a contract, as the SEC Defendants have not filed an Answer to Count I (Breach of Contract)." (Doc. No. 24 at 8.)

The SEC Defendants filed a reply memo, in which they reiterate their concession that "the Agreements are valid contracts that clearly govern the relationship between the parties." (Doc. No. 27 at 5.) The SEC Defendants argue that <u>Cornell</u> stands for the proposition that alternative pleading is permitted "in the event that no valid contract existed between [the parties]." (<u>Id.</u> (citing <u>Cornell</u>, 512 F. Supp. 2d at 265).) To that end, the SEC Defendants argue that the unjust enrichment claim should be dismissed because the relationship between the parties is "'clearly predicated' on an express agreement." (<u>Id.</u> (quoting <u>Leder</u>, 609 F. Supp. 2d at 408 (holding that an unjust enrichment claim should be dismissed under Rule 12(b)(6) because the relationship between plaintiff and defendants was clearly predicated on an express agreement)).)

While unjust enrichment claims and contract claims can be pleaded as alternative theories in the event that no valid contract existed between the parties, the existence and validity of the Agreements is not in dispute in this case. Discovery is not necessary to determine whether a valid and enforceable contract exists between the SEC Defendants and Plaintiff, because the SEC Defendants have conceded the existence and binding nature of the Agreements. (<u>See</u> Doc. No. 22 at 6.) Accordingly, Plaintiff's unjust enrichment claim must be dismissed.

      2.    *<u>Quantum</u> <u>Meruit</u>*

The SEC Defendants next move to dismiss the <u>quantum</u> <u>meruit</u> claim on the grounds that "Pennsylvania law does not recognize a claim for both unjust enrichment and <u>quantum</u> <u>meruit</u>."

(Doc. No. 19 ¶ 12.)  Rather, the SEC Defendants argue that <u>quantum</u> <u>meruit</u> "merely provides an equitable remedy to compensate for the reasonable value of services or goods lost due to unjust enrichment."  (Doc. No. 22 at 7 (citing <u>Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.</u>, 2 A.3d 526, 531 n.8 (Pa. 2010)).)  Plaintiff did not oppose the motion to dismiss the <u>quantum</u> <u>meruit</u> claim.  (<u>See</u> Doc. No. 24.)  Because <u>quantum</u> <u>meruit</u> is a remedy, not a freestanding legal claim, and because Plaintiff did not oppose this portion of the motion to dismiss, the Court will dismiss the <u>quantum</u> <u>meruit</u> claim.  <u>See</u> Pa. M.D. L.R. 7.6; <u>Cruise v. Marino</u>, 404 F. Supp. 2d 656, 668 (M.D. Pa. 2005) (deeming an argument to which the plaintiff did not respond as unopposed pursuant to Local Rule 7.6).

### B.      The Non-Contracting Defendants' Motion to Dismiss

The Non-Contracting Defendants filed a motion to dismiss each of the four counts raised against them in the complaint for failure to state a claim upon which relief can be granted.  (Doc. No. 20.)  The Non-Contracting Defendants argue that, as to the breach of contract claim and the PCSPA claim, Plaintiff did not allege that the Non-Contracting Defendants entered into an agreement with Plaintiff as required to support both of those claims.  (<u>Id.</u> ¶¶ 8-20.)  As to the unjust enrichment claim, the Non-Contracting Defendants argue that Plaintiff did not allege any facts that Plaintiff conferred a benefit upon them, or that any alleged enrichment was unjust. (<u>Id.</u> ¶¶ 21-27.)  The Non-Contracting Defendants next argue that Pennsylvania law does not recognize a separate claim for <u>quantum</u> <u>meruit</u>.  (<u>Id.</u> ¶¶ 28-31.)  In response, the Non-Contracting Defendants argue that the SEC Defendants "are nothing more than shell companies for the [Non-Contracting Defendants], and that Plaintiff performed the work entitling it relief."  (Doc. No. 25 at 3.)

### 1.      *Breach of Contract and PCSPA*

The Non-Contracting Defendants argue that the complaint fails to state a claim for breach of contract against them and fails to state a claim against them under the PCSPA, because the complaint does not allege that any contract existed between Plaintiff and the Non-Contracting Defendants, and the existence of a contract is a necessary element of both of these claims.  (Doc. No. 23 at 6-8.)  To state a claim for breach of contract under Pennsylvania law, Plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).  Similarly, a PCSPA claim requires the existence of a contract.  The PCSPA provides that "[p]erformance by a contractor or a subcontractor in accordance with the provisions of a contract shall entitle the contractor or subcontractor to payment from the party with whom the contractor or subcontractor has contracted."  73 Pa. Stat. § 504.

Here, as to the breach of contract claim, Plaintiff expressly acknowledged that the Non-Contracting Defendants are not parties to the Agreements, which are between Plaintiff and the SEC Defendants.  (Doc. No. 1. ¶ 15.)  As to the PCSPA claim, Plaintiff states that the Agreements are construction contracts governed by the PCSPA, and that the SEC Defendants' refusal to pay entitles Plaintiff to relief under the PCSPA. (Doc. No. 1 ¶¶ 26-33.)  As to both claims, Plaintiff simply asserts that the Non-Contracting Defendants are jointly and severally liable for the damages suffered by Plaintiff as a result of the alleged breach of contract and under the PACSPA.  (Id. ¶¶ 25, 33.)  The Non-Contracting Defendants argue that this statement that the Non-Contracting Defendants are jointly and severally liable is a mere legal conclusion, which need not be accepted as true under Twombly.  (Doc. No. 23 at 7-9.)

In its brief in opposition, Plaintiff argues that its complaint sets forth sufficient facts to state claims for joint and several liability for breach of contract and under the PCSPA.  (Doc. No. 25 at 7.)  Plaintiff argues that the Non-Contracting Defendants are liable under an alter ego theory or under an agency theory.  (Id.)

a.    Alter Ego

With respect to the alter ego argument, Plaintiff asserts that it has set forth sufficient facts under an alter ego theory as the Non-Contracting Defendants and the SEC Defendants have "effectively functioned as one company."  (Id. (citing Castle Cheese, Inc. v. MS Products, Inc., No. 04-cv-878, 2008 WL 4372856, at * 32 (W.D. Pa. Sept. 19, 2008)).)  Plaintiff explained that Pennsylvania law "permits the piercing of the corporate form 'when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime,'" considering factors such as "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use fo the corporate form to perpetuate a fraud."  (Id. at 7-8 (citing Castle Cheese, 2008 WL 4372856, at * 32; Fletcher-Harlee Corp. v. Szymanski, 936 A.2d 87, 95 (Pa. Super. Ct. 2007)).)  The Non-Contracting Defendants argue, in response, that the SEC Defendants are separate and distinct entities from their respective owners.  (Doc. No. 26 at 2).

The general rule in Pennsylvania is that "a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person [or entity]."  Lumax Indus. v. Aultman, 669 A.2d 893, 895 (1995)).)  However, in some circumstances Pennsylvania law permits piercing the corporate veil.  With respect to the alter-ego theory, Pennsylvania law looks to several factors, including:

> failure to observe corporate formalities; non-payment of dividends; insolvency of debtor corporation; siphoning the funds from

8

> corporation by dominant shareholders; non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere facade for the operations of a common shareholder or shareholders; and gross undercapitalization.

E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 333 n.7 (3d Cir. 2000) (citations omitted). The Non-Contracting Defendants argue that Plaintiff fails to allege a single fact related to these factors. (Doc. No. 26 at 5.)

The Court finds that Plaintiff has not pleaded sufficient facts to support either a breach of contract or PCSPA claim under an alter ego theory. In its complaint, Plaintiff merely explains the relationships among the different Defendants, and states that the Non-Contracting Defendants are jointly and severally liable for the various damages suffered by Plaintiff. The assertion that the Non-Contracting Defendants are jointly and severally liable is merely a legal conclusion, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 1965 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff has not alleged the existence of a contractual relationship with the Non-Contracting Defendants, which is a necessary element of both a breach of contract claim and a PCSPA claim. Furthermore, Plaintiff has not alleged any facts with respect to the alter ego theory that would permit the Court to deviate from the "strong presumption in Pennsylvania against piercing the corporate veil." Lumax, 669 A.2d at 895.

b.    Agency Theory

Plaintiff next argues that Duke Energy, Integrys Energy, and Smart Energy "can be held liable due to the SEC Defendants' breach, because, '[u]nlike many other jurisdictions, Pennsylvania provides for joint and several liability in circumstances in which an agent acting on behalf of an undisclosed principal breaches a contractual obligation owed to a third party.'" (Doc. No. 25 at 9 (quoting Castle Cheese, 2008 WL 4372856, at * 42).) Here, Plaintiff argues

that the SEC Defendants are nothing more than shell companies for Duke Energy, Integrys Energy, and Smart Energy, and that the SEC Defendants merely acted for, or on behalf of these energy companies as an agent.  The Non-Contracting Defendants argue, in response, that Plaintiff does not assert any facts to support the existence of an agency relationship.

"In order to establish the existence of an agency relationship, a party must show that: (1) there was a manifestation by the principal that the agent would act for it; (2) the agent accepted such an undertaking; and (3) the principal retained control of the endeavor."  Castle Cheese, 2008 WL 4372856, at * 8 (citing Tribune-Review Publ'g Co. v. Westmoreland Cnty. Hous. Auth., 833 A.2d 112, 119-20 (Pa. 2003)).  The Court finds that Plaintiff has not alleged any facts sufficient to support recovery under an agency theory.  Plaintiff has not alleged that the Non-Contracting Defendants manifested that the SEC Defendants would act for it; that the SEC Defendants accepted such an undertaking; or that the Non-Contracting Defendants retained control of the endeavor.  As explained above, Plaintiff has not alleged the existence of a contractual relationship with the Non-Contracting Defendants, which is a necessary element of both a breach of contract claim and a PCSPA claim, and the assertion that the Non-Contracting Defendants are jointly and severally liable is merely a legal conclusion that the Court is not bound to accept as true.  Twombly, 550 U.S. at 1965.  Because Plaintiff has not alleged the existence of a contract between Plaintiff and the Non-Contracting Defendants, and has not pleaded sufficient facts to establish liability under either an agency theory or alter ego theory, the Court will dismiss Plaintiff's breach of contract and PCSPA claims against the Non-Contracting Defendants.

> 2.    *Unjust Enrichment*

Next, the Non-Contracting Defendants argue that Plaintiff's complaint does not allege

any facts to support a claim for unjust enrichment against the Non-Contracting Defendants.
(Doc. No. 20 ¶¶ 21-27.)  Under Pennsylvania law, to state a claim for unjust enrichment,
Plaintiff must allege that: "(1) plaintiff conferred a benefit upon defendant, (2) defendant
appreciated such benefits, and (3) defendant accepted and retained such benefits under
circumstances in which it would be inequitable for defendant to retain the benefit without the
payment of value."  Austin Powder Co. v. No. 1. Contracting Corp., No. 3:07-cv-730, 2011 WL
1120418, at * 3 (M.D. Pa. March 24, 2011).  The Non-Contracting Defendants argue that the
complaint fails to state a claim for unjust enrichment, as the complaint does not allege that
Plaintiff conferred a benefit on them, and that any alleged benefit was not unjust.

a.    Benefit Conferred

First, the Non-Contracting Defendants argue that the complaint does not allege any facts
that Plaintiff conferred a benefit on the Non-Contracting Defendants, as the benefit conferred
must be measured by the value of the benefit to the Non-Contracting Defendants, not by the
value of invoices submitted by Plaintiff.  (Doc. No. 23 at 10-11 (citing D.A. Hill Co. v.
Clevetrust Realty Investors, 573 A.2d 1005, 1009 (Pa. 1990)).)  The Non-Contracting
Defendants argue that the complaint merely alleges that the Non-Contracting Defendants were
conferred a benefit in an amount equal to the labor and materials provided by Plaintiff under the
Agreements, and that this allegation relates to invoice amounts, not the actual enrichment of the
Non-Contracting Defendants.  (Id. at 11.)

Plaintiff argues, in response, that Plaintiff provided the labor and materials requested by
the Defendants, and that the Non-Contracting Defendants "received the benefit of generation of
energy to Integrys Energy, Duke Energy, Smart Energy, and/or INDU Solar, which these parties
have been able to use or sell without compensation to Plaintiff."  (Doc. No. 25 at 11; Doc. No. 1

¶¶ 11, 13, 14, 35, 37.)  In contrast to the first two counts, the allegations in Count III of the complaint refer to "Defendants" rather than to the SEC Defendants only.  While the benefit conferred must be measured by the value of the benefit to the Non-Contracting Defendants, rather than the invoice value, this does not change the fact that the complaint contains allegations that the Non-Contracting Defendants, along with the SEC Defendants, were benefitted by the labor and materials provided by Plaintiff.  The Court finds that the complaint alleges that the Plaintiff conferred a benefit on the Non-Contracting Defendants.

**b.**     <u>Unjust</u>

The Non-Contracting Defendants next argue that the complaint fails to establish that the alleged enrichment was unjust.  To establish that enrichment is unjust, Plaintiff must allege that the Non-Contracting Defendants either specifically requested benefits, or misled Plaintiff.  <u>Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.</u>, 7 A.3d 278, 284 (Pa. Super. Ct. 2010).  The Non-Contracting Defendants argue that the complaint does not contain "a single allegation that the Non-Contracting Defendants requested any benefit from Plaintiff, somehow misled Plaintiff, or even had any communications with Plaintiff in the first instance."  (Doc. No. 23 at 12.)

In response, Plaintiff argues that the Non-Contracting Defendants requested that Plaintiff install the panels that would enable energy generation, through Plaintiff's contract with the SEC Defendants and the Non-Contracting Defendants' relationship with the SEC Defendants.  (Doc. No. 25 at 11; Doc. No. 1 ¶¶ 11, 13, 15.)  Plaintiff refers to <u>Limbach Co., LLC v. City of Philadelphia</u>, 905 A.2d 567, 576 (Pa. Commw. Ct. 2006), in which the Commonwealth Court of Pennsylvania explained that "in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party."  (Doc. No 25 at 12.)  This case reveals the flaw in Plaintiff's unjust

12

enrichment claim.  Plaintiff merely asserts that the Non-Contracting Defendants requested the benefit that Plaintiff conferred "through Plaintiff's contract with the SEC Defendants," and that the Non-Contracting Defendants' relationship with the SEC Defendants makes them liable under unjust enrichment.  (Id. at 10.)  Plaintiff brings Limbach to the Court's attention, but does not allege that the Non-Contracting Defendants misled Plaintiff.  Plaintiff does not allege that the Non-Contracting Defendants specifically requested benefits.  Because Plaintiff merely alleges an indirect contact with the Non-Contracting Defendants, through their ownership interest in the SEC Defendants, and does not allege any misleading by the Non-Contracting Defendants, Plaintiff has not established that any alleged enrichment was unjust.  Accordingly, the Court will dismiss Plaintiff's unjust enrichment claim against the Non-Contracting Defendants.

### 3.    Quantum Meruit

The Non-Contracting Defendants next move to dismiss the quantum meruit claim on the grounds that "Pennsylvania law does not recognize a claim for both unjust enrichment and quantum meruit."  (Doc. No. 20 ¶ 28.)  Plaintiff did not oppose the motion to dismiss the quantum meruit claim.  (See Doc. No. 25.)  As explained above, quantum meruit is a remedy, not a freestanding legal claim.  Accordingly the Court will dismiss the quantum meruit claim.  See Pa. M.D. L.R. 7.6; Cruise, 404 F. Supp. 2d at 668 (deeming an argument to which the plaintiff did not respond as unopposed pursuant to Local Rule 7.6).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the SEC Defendants' motion to dismiss (Doc. No. 19) and will grant the Non-Contracting Defendants' motion to dismiss (Doc. No. 20).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Ray Angelini, Inc.,** | : | |
| | : | **No. 4:11-cv-1093** |
| **Plaintiff** | : | |
| | : | **Chief Judge Kane** |
| **v.** | : | |
| | : | |
| **SEC BESD Solar One, LLC;** | : | |
| **SEC Bellefonte SD Solar One, LLC;** | : | |
| **Duke Energy Generation Services, Inc.;** | : | |
| **Integrys Energy Services, Inc.;** | : | |
| **Smart Energy Capital, LLC; and** | : | |
| **INDU Solar Holdings, LLC,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

        **AND NOW**, on this 21st day of November 2011, **IT IS HEREBY ORDERED THAT**

SEC Defendants' motion to dismiss (Doc. No. 19) is **GRANTED**.  Plaintiffs' claims against

SEC BESD and SEC Bellefonte for unjust enrichment and <u>quantum</u> <u>meruit</u> are **DISMISSED**

**WITH PREJUDICE**.

        **IT IS FURTHER ORDERED** that the Non-Contracting Defendants' motion to dismiss

(Doc. No. 20) is **GRANTED**.  All of Plaintiff's claims against Duke Energy, Integrys Energy,

Smart Energy, and INDU Solar are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is

directed to terminate Defendants Duke Energy, Integrys Energy, Smart Energy, and INDU Solar.

                                                                S/ Yvette Kane
                                                                Yvette Kane, Chief Judge
                                                                United States District Court
                                                                Middle District of Pennsylvania